UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JASON KRZYKOWSKI, and LISA MCCAUSLIN,
as Administratrix of the Estate of DAVID
MCCAUSLIN, deceased,

                        Plaintiffs,

     -against-

TOWN OF COEYMANS, VILLAGE OF RAVENA,
TOWN OF COEYMANS POLICE DEPARTMENT,
VILLAGE OF RAVENA POLICE DEPARTMENT,
and ERIC MULLER, individually and as a member
of the Town of Coeymans Police Department or
Village of Ravena Police Department,

                        Defendants.

**COMPLAINT**
Index No.:

---

       The plaintiffs, Jason Krzykowski and Lisa McCauslin, as Administratrix of the Estate of

David J. McCauslin, through their attorneys, DerOhannesian & DerOhannesian, submit the

following for a Complaint herein against defendants Town of Coeymans, Village of Ravena,

Town of Coeymans Police Department, Village of Ravena Police Department and Eric Muller:

## PRELIMINARY STATEMENT

     1.    The incident giving rise to the claim herein occurred on or about April 8, 2005, at

approximately 8:30 p.m., at the intersection of Starr Road and Route 143 in the

Town of Ravena, when a vehicle being owned by the defendants, Town of

Coeymans and Village of Ravena, and being operated by defendant Eric Muller,

an officer, agent and/or employee of the defendants Town of Coeymans Police

Department or Village of Ravena Police Department, with intent to harm, and in

conscious disregard of the risk of serious injury or death, engaged in a deliberate

and reckless chase and pursuit of two dirtbikes owned and operated by plaintiff

Jason Krzykowski and decedent David McCauslin, ultimately causing the dirtbikes to crash.  Defendants Town of Coeymans, Village of Ravena, Town of Coeymans Police Department and Village of Ravena Police Department representatives had previously expressed hostility toward plaintiff Jason Krzykowski and decedent David McCauslin.

2.  This action arises under New York State General Municipal Law §50, New York State common law claims for negligence and wrongful death and Substantive Due Process Rights under the Fourteenth Amendment of the U.S. Constitution, 42 U.S.C. §§ 1983 and 1988.

## JURISDICTION

3.  This Court's jurisdiction is invoked pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourteenth Amendment to the Constitution and the doctrine of supplemental jurisdiction.

4.  Venue lies in the Northern District of New York because the accident at issue occurred there and plaintiffs and defendants reside and maintain a principal office there.

## THE PARTIES

5.  That at all times relevant, plaintiff Jason Krzykowski is a citizen of the United States of America and has resided at 221 Jarvis Road South, Village of Ravena, County of Albany and State of New York.

6.  That at all times relevant, plaintiff Lisa McCauslin is a citizen of the United States of America and has resided at 208 Jarvis Road South, Village of Ravena, County of Albany and State of New York.

2

7.   That heretofore and on April 13, 2005, decedent David McCauslin died a citizen of the United States of America and a resident of the Village of Ravena, County of Albany and State of New York.

8.   That decedent David McCauslin died intestate and on July 5, 2005, Limited Letters of Administration of the Goods, Chattels and Credits of decedent David McCauslin were duly issued and granted by the Surrogate's Court of the County of Albany to Lisa McCauslin, plaintiff above named and that plaintiff Lisa McCauslin continues to act as Administratrix of the Goods, Chattels and Credits of decedent of David McCauslin.

9.   That upon information and belief, defendant Eric Muller is the officer, agent or representative of defendants Town of Coeymans Police Department or Village of Ravena Police Department, who was involved in the accident on April 8, 2005.

10.  That at all times relevant, defendant Town of Coeymans, was, upon information and belief, a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11.  That at all times relevant, defendant Village of Ravena, was, upon information and belief, a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

12.  That at all times relevant, the Town of Coeymans Police Department is located at 15 Mountain Road, in the Town of Ravena, County of Albany, State of New York.

13. That at all times relevant, the Village of Ravena Police Department is located at 15 Mountain Road, in the Village of Ravena, County of Albany, State of New York.

14. That at all times relevant, the Town of Coeymans Police Department is an agency of the Town of Coeymans and in doing the things and acts hereinafter set forth was acting in its representative capacity as stated and was acting under color of State law and within the scope of its authority and in furtherance of its employer's interests.

15. That at all times relevant, defendant Town of Coeymans Police Department, was a department, division and/or agency of defendant Town of Coeymans, and as such was owned, operated, controlled, staffed, governed, administered, regulated, managed, supervised, maintained, directed and instructed by the said municipal corporation.

16. That at all times relevant, the Village of Ravena Police Department is an agency of the Village of Ravena and in doing the things and acts hereinafter set forth was acting in its representative capacity as stated and was acting under color of State law and within the scope of its authority and in furtherance of its employer's interests.

17. That at all times relevant, defendant Village of Ravena Police Department, was a department, division and/or agency of defendant Village of Ravena, and as such was owned, operated, controlled, staffed, governed, administered, regulated, managed, supervised, maintained, directed and instructed by the said municipal corporation.

18. That at all times hereinafter mentioned, Route 143 was and still is a public highway and thoroughfare in the Village of Ravena, County of Albany and State of New York.

19. That at all times relevant, defendant Town of Coeymans Police Department was responsible for affording protection to members of the general public within its jurisdiction and its agents, officers and/or employees were responsible for conducting themselves in a manner that would minimize risk, harm, danger and injury to those within the jurisdiction of the defendant.

20. That at all times relevant, defendant Town of Coeymans Police Department, through its agents, officers and/or employees were responsible for carrying out its responsibilities in a reasonable, prudent and safe manner, fashion and nature and without the intent to harm or injure members of the general public.

21. That at all times relevant, defendant Village of Ravena Police Department was responsible for affording protection to members of the general public within its jurisdiction and its agents, officers and/or employees were responsible for conducting themselves in a manner that would minimize risk, harm, danger and injury to those within the jurisdiction of the defendant.

22. That at all times relevant, defendant Village of Ravena Police Department, through its agents, officers and/or employees were responsible for carrying out its responsibilities in a reasonable, prudent and safe manner, fashion and nature and without the intent to harm or injure members of the general public.

23. That at all times relevant, defendant Eric Muller was a member, representative, agent or employee of defendant Town of Coeymans Police Department and

defendant Town of Coeymans, and in doing the things and acts hereinafter set forth was acting in his representative capacity as stated and was acting under color of State law and within the scope of his authority and in furtherance of his employer's interests.

24. That at all times relevant, defendant Eric Muller was a member, representative, agent or employee of defendant Village of Ravena Police Department and defendant Village of Ravena, and in doing the things and acts hereinafter set forth was acting in his representative capacity as stated and was acting under color of State law and within the scope of his authority and in furtherance of his employer's interests.

25. That at all times relevant, defendant Eric Muller was acting pursuant to the authority conferred upon him by defendant Town of Coeymans Police Department.

26. That at all times relevant, defendant Eric Muller was acting pursuant to the authority conferred upon him by defendant Town of Ravena Police Department.

27. That at all times relevant, defendant Eric Muller and the officers involved herein were on duty pursuant to their employment and were at all times relevant acting within the line of duty as agents, officers and/or employees.

28. That at all times relevant, defendants were responsible for exercising care and caution and in engaging in safe procedures in pursuing traffic offenders or endeavoring to interrupt, divert, control or stop motor vehicle traffic, including the dirtbikes in which plaintiff Jason Krzykowski and decedent David McCauslin were riding.

29. That at all times relevant, defendants owned, controlled, managed and maintained the vehicles being operated by the said agents, officers and/or employees.

30. This action, on behalf of plaintiff Jason Krzykowski, was commenced within one year and ninety days (1 year, 90 days) of the happening of the accident on April 8, 2005.

31. This action, on behalf of plaintiff Lisa McCauslin as Administratrix for the Estate of David McCauslin, was commenced within two years of the happening of the accident on April 8, 2005.

**<u>NOTICE OF CLAIM</u>**

32. On or about July 6, 2005, and within ninety days of the occurrence of the accident, a Notice of Claim was duly served upon defendant Town of Coeymans, on behalf of plaintiffs and alleging the facts and circumstances upon which this action is based.

33. On or about July 6, 2005, and within ninety days of the occurrence of the accident, a Notice of Claim was duly served upon defendant Village of Ravena, on behalf of plaintiffs and alleging the facts and circumstances upon which this action is based.

34. On or about July 6, 2005, and within ninety days of the occurrence of the accident, a Notice of Claim was duly served upon defendant Town of Coeymans Police Department, on behalf of plaintiffs and alleging the facts and circumstances upon which this action is based.

35. On or about July 6, 2005, and within ninety days of the occurrence of the accident, a Notice of Claim was duly served upon defendant Village of Ravena

Police Department, on behalf of plaintiffs and alleging the facts and circumstances upon which this action is based.

36. On or about July 6, 2005, and within ninety days of the occurrence of the accident, a Notice of Claim was duly served upon "John Doe," a fictitious name used for the officer who was involved in the pursuit and crash, on behalf of plaintiffs and alleging the facts and circumstances upon which this action is based. At the time of serving the Notice of Claim, plaintiffs Jason Krzykowski and Lisa McCauslin were unaware of the name of such officer, but now has reason to believe that such officer involved is defendant Eric Muller.

37. On or about June 9, 2006, defendants Town of Coeymans, Village of Ravena, Town of Coeymans Police Department, Village of Ravena Police Department and Eric Muller, by their respective agents, servants and/or employees, required plaintiffs Jason Krzykowski and Lisa McCauslin to appear for an examination under oath pursuant to Section 50-h of the General Municipal Law of the State of New York.

38. Defendants Town of Coeymans, Village of Ravena, Town of Coeymans Police Department, Village of Ravena Police Department and Eric Muller, have failed to pay and adjust the claim and more than thirty (30) days have expired since service of the Notice of Claim upon said defendants.

39. Plaintiffs Jason Krzykowski and Lisa McCauslin sue each of the individual defendants in his or its individual and official capacities.

## THE FACTS

40. That prior to April 8, 2005, defendants Town of Coeymans, Village of Ravena, Town of Coeymans Police Department and Village of Ravena Police Department and their agents, employees and representatives, were aware of plaintiff Jason Krzykowski and decedent David McCauslin and knew their residence.

41. That prior to April 8, 2005, defendants Town of Coeymans, Village of Ravena, Town of Coeymans Police Department and Village of Ravena Police Department and their agents, employees and representatives, were aware of plaintiff Jason Krzykowski and decedent David McCauslin and that both rode dirtbikes on and off the highways of the Town of Coeymans.

42. For a period of time prior to April 8, 2005, defendants Town of Coeymans, Village of Ravena, Town of Coeymans Police Department and Village of Ravena Police Department and their agents, employees and representatives, expressed hostility and harassed plaintiff Jason Krzykowski and decedent David McCauslin when they rode their dirt bikes in the community.

43. After getting out of work on Friday, April 8, 2005, plaintiff Jason Krzykowski and his step-brother David McCauslin decided to ride their dirtbikes around the trails of their house before going to a cook-out at David's girlfriend's house. After riding the trials for a few hours, it started to get dark and David and Jason realized they could not ride the trails back home without front headlights on their dirtbikes.

44. David McCauslin and Jason Krzykowski saw David's cousin, Ray Star, who was in his pickup truck on Stanton Road in the Village of Ravena. They decided to try

and follow Ray back to their house so they could use the lights from his truck to see.  David and Jason followed Ray down Stanton Road to Route 143.  After proceeding east onto Route 143, David and Jason lost Ray and continued to ride eastbound to get back home.

45. David McCauslin and Jason Krzykowski conversed and decided to proceed on Route 143, to Starr Road, in order to get back home.

46. At or around the same time, Brian Powell, Coeymans Hollow Fire Chief and a brother to Coeymans Police Officer Marvin Powell, phoned the dispatcher and reported that two dirt bikers, who upon information and belief knew the riders to be Jason Krzykowski and David McCauslin, were riding on Route 143.  Officer and defendant Eric Muller responded to the dispatcher's call and decided "to go after the two subjects."

47. In the area of R.K. Winners Circle, Jason Krzykowski could see headlights coming from around the bend up ahead.  Just before passing Jason and David, the car put its turn blinker on and Jason could see that it was a marked police car. The police car passed both Jason and David at the end of the parking lot of R.K. Winners Circle and proceeded to follow Jason and David on their dirtbikes.

48. The police vehicle driven by defendant Eric Muller was a specially equipped automobile, designed for law enforcement use.

49. The police car started to pick-up speed and Jason and David responded by speeding up.  Witnesses state the police car had red lights on and a white spotlight shining on Jason Krzykowski and David McCauslin and was traveling at a high rate of speed, closely behind Jason and David.

50. As Jason Krzykowski and David McCauslin were approaching the intersection of Route 143 and Starr Road, Jason down shifted so he could make the turn onto Starr Road.  At this moment, David was riding a little behind Jason and to his right.  The police car giving chase to Jason Krzykowski and David McCauslin, causing Jason to crash in the center of the road and causing David to crash and land in a nearby resident's front lawn.

51. While aware that two individuals were seriously injured, defendant Eric Muller proceeded past the bodies of plaintiff Jason Krzykowski and decedent David McCauslin and failed to promptly attend to plaintiff Jason Krzykowski and decedent David McCauslin in conscious disregard of their well-being.

52. Paramedics on the scene found Jason to be conscious with serious injuries to his body.  Jason was taken to the hospital and was found to have sustained a fracture of proximal fibular.

53. Paramedics on the scene found David to be critically injured and making gurgling noises.  To decedent David McCauslin, paramedics had to relieve David's helmet that was embedded in the ground and to cut the helmet from his head.  After doing so, paramedics noticed trauma to the top of his head.  David was transported to Collins field where Albany Med Flight transported him to the hospital.  David remained hospitalized at Albany Medical Center Hospital until the time of his death on April 13, 2005.  David died from severe head contusions resulting from the accident on April 8, 2005.

54. On or about April 13, 2005, Officer John O'Brien, a police officer with the Coeymans Police Department, interviewed Debra Lawson, a witness to the pursuit

of plaintiff Jason Krzykowski and decedent David McCauslin.  When Ms. Lawson told Officer O'Brien that a marked police vehicle had pursued the two dirtbike riders, he told her that he was unable to take her statement at that time because the computer was not working properly and to return to the station that night.

55. When Debra Lawson returned to the station that evening, Officer O'Brien was not present and she was still unable to sign her statement.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF JASON KRZYKOWSKI

(Denial of Civil Rights Pursuant to 42 U.S.C. §§ 1983 and 1988)

56. Plaintiff, Jason Krzykowski, repeats and reiterates each and every allegation contained in paragraphs "1" through "55" with the same force and effect as if the same were more fully set forth at length herein.

57. At all times relevant herein, prior to April 8, 2005, plaintiff Jason Krzykowski was routinely and repeatedly chased, harassed or pursued by defendants while riding his dirtbike.

58. On April 8, 2005, and in violation of 42 U.S.C. §§ 1983 and 1988, defendant Eric Muller acted with an intent to harm and with such purpose to cause harm was unrelated to the legitimate object of arrest, when he engaged in an after dark, high-speed chase and pursuit of plaintiff Jason Krzykowski who was traveling in a rural area on a dirtbike.

59. The chase and pursuit of plaintiff Jason Krzykowski was unreasonable and in violation of the Fourteenth Amendment.

60. The acts of defendant Eric Muller were malicious, willful and intentional.

61. Defendant Town of Coeymans and Village of Ravena failed to adequately train the individual defendant Eric Muller on how to handle high-speed pursuits.

62. Defendant Town of Coeymans and Village of Ravena failed to adequately supervise the individual defendant Eric Muller in responding to calls for police help in dealing with individuals on dirtbikes.

63. Defendant Town of Coeymans and Village of Ravena failed to supervise the individual defendant Eric Muller in proper police pursuits.

64. Defendant Town of Coeymans and Village of Ravena failed to develop or implement police strategies or practical guidelines and instructions on how police officers should avoid high-speed pursuits and chases of individuals on dirtbikes.

65. Defendant Town of Coeymans and Village of Ravena failed to enforce any written standards it had concerning the proper way for police officers to handle dirtbike riders.

66. Defendant Town of Coeymans and Village of Ravena failed to discipline or punish police officers who on previous occasions gave chase or pursuit to individuals on dirtbikes and thereby encouraged and acquiesced in the wrongful acts of the individual defendant Eric Muller.

67. The acts and omissions of defendant Town of Coeymans and Village of Ravena hereinbefore set forth constitute and evidence a policy and practice of said defendant to deal with dirtbike riders which targeted plaintiff Jason Krzykowski.

68. At all times relevant herein, defendant Eric Muller's decision to respond to the dispatcher's call and his operation of the vehicle in which he was driving was conscience-shocking, reckless, callous, egregious, outrageous, and deliberately

13

indifferent to the rights of plaintiff Jason Krzykowski and caused plaintiff Jason Krzykowski to sustain serious permanent injuries.

69. Because of the above recited acts, omissions, policies and practices, plaintiff Jason Krzykowski was subjected to deprivation under color of State law of the rights, privileges and immunities secured to him by the Constitution of the United States and particularly of his right not to be deprived of life and liberty without due process of law as guaranteed by the Fourteenth Amendment of the Constitution.

70. As a direct consequence and result of the acts of defendants, plaintiff Jason Krzykowski was deprived of his constitutional rights, was physically chased and pursued, received serious and permanent physical injuries, endured great pain and suffering, and suffered panic, anxiety, and severe mental stress and trauma.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF JASON KRZYKOWSKI
(Pendant Claim)

71. Plaintiff, Jason Krzykowski, repeats and reiterates each and every allegation contained in paragraphs "1" through "70" with the same force and effect as if the same were more fully set forth at length herein.

72. On April 8, 2005, at approximately 8:30 p.m., plaintiff Jason Krzykowski was riding a dirtbike and traveling eastbound on Route 143, in the Town of Ravena, County of Albany, State of New York.

14

73. That on April 8, 2005, at approximately 8:30 p.m., and/or for sometime prior thereto, plaintiff Jason Krzykowski was being pursued by defendant Eric Muller, at an excessive rate of speed.

74. That on April 8, 2005, at approximately 8:30 p.m., defendant Eric Muller was operating said vehicle owned by defendants Town of Coeymans, Village of Ravena, Town of Coeymans Police Department and Village of Ravena Police Department, during said pursuit of plaintiff Jason Krzykowski.

75. That on April 8, 2005, at approximately 8:30 p.m., while pursuing and chasing plaintiff Jason Krzykowski at an excessive rate of speed, defendant Eric Muller did cause plaintiff to crash his dirtbike.

76. That defendant Eric Muller, in pursuing the dirtbike operated by plaintiff Jason Krzykowski, acted recklessly and is guilty of reckless acts, omissions and/or conduct.

77. That the aforedescribed improper chase was authorized, permitted, allowed, acquiesced and/or caused and thereby participated in by defendants herein.

78. That by reason of the said crash, plaintiff Jason Krzykowski sustained catastrophic permanent personal injuries and continuing damages and expenses.

79. The chase and pursuit against plaintiff Jason Krzykowski, and other acts of the individual by defendants herein, were in violation of certain written policies and procedures of the Town of Coeymans Police Department.

80. The chase and pursuit against plaintiff Jason Krzykowski, and other acts of the individual by defendants herein, were in violation of certain written policies and procedures of the Village of Ravena Police Department.

81. That at all times relevant, defendants knew, or in the exercise of reasonable care were aware of, and consciously disregarded the risk of serious permanent personal injuries and damages to any occupant of the subject dirtbike, including plaintiff herein, in the event of such a foreseeable crash or collision.

82. That at all times relevant, defendant Eric Muller intentionally acted against plaintiff Jason Krzykowski and was aware of a known or obvious risk that was so great as to make it highly probably that harm would follow.

83. Said accident resulting in damages and injuries to plaintiff Jason Krzykowski was caused solely by the negligence of defendants herein and no negligence on the part of plaintiff Jason Krzykowski contributed thereto.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF LISA MCCAULSIN

(Denial of Civil Rights Pursuant to 42 U.S.C. §§ 1983 and 1988)

84. Plaintiff, Lisa McCauslin, repeats and reiterates each and every allegation contained in paragraphs "1" through "83" with the same force and effect as if the same were more fully set forth at length herein.

85. At all times relevant herein, prior to April 8, 2005, decedent David McCauslin was routinely and repeatedly chased, harassed or pursued by defendants while riding his dirtbike.

86. On April 8, 2005, and in violation of 42 U.S.C. §§ 1983 and 1988, defendant Eric Muller acted with an intent to harm and with such purpose to cause harm was unrelated to the legitimate object of arrest, when he engaged in an after dark,

high-speed chase and pursuit of decedent David McCauslin who was traveling in a rural area on a dirtbike.

87. The chase and pursuit of decedent David McCauslin was unreasonable and in violation of the Fourteenth Amendment.

88. The acts of defendant Eric Muller were malicious, willful and intentional.

89. Defendant Town of Coeymans and Village of Ravena failed to adequately train the individual defendant Eric Muller on how to handle high-speed pursuits.

90. Defendant Town of Coeymans and Village of Ravena failed to adequately supervise the individual defendant Eric Muller in responding to calls for police help in dealing with individuals on dirtbikes.

91. Defendant Town of Coeymans and Village of Ravena failed to supervise the individual defendant Eric Muller in proper police pursuits.

92. Defendant Town of Coeymans and Village of Ravena failed to develop or implement police strategies or practical guidelines and instructions on how police officers should avoid high-speed pursuits and chases of individuals on dirtbikes.

93. Defendant Town of Coeymans and Village of Ravena failed to enforce any written standards it had concerning the proper way for police officers to handle dirtbike riders.

94. Defendant Town of Coeymans and Village of Ravena failed to discipline or punish police officers who on previous occasions gave chase or pursuit to individuals on dirtbikes and thereby encouraged and acquiesced in the wrongful acts of the individual defendant Eric Muller.

95. The acts and omissions of defendant Town of Coeymans and Village of Ravena hereinbefore set forth constitute and evidence a policy and practice of said defendant to deal with dirtbike riders which targeted decedent David McCauslin.

96. At all times relevant herein, defendant Eric Muller's decision to respond to the dispatcher's call and his operation of the vehicle in which he was driving was conscience-shocking, reckless, callous, egregious, outrageous, and deliberately indifferent to the rights of decedent David McCauslin and caused David McCauslin's death.

97. Because of the above recited acts, omissions, policies and practices, decedent David McCauslin was subjected to deprivation under color of State law of the rights, privileges and immunities secured to him by the Constitution of the United States and particularly of his right not to be deprived of life and liberty without due process of law as guaranteed by the Fourteenth Amendment of the Constitution.

98. As a direct consequence and result of the acts of defendants, decedent David McCauslin was deprived of his constitutional rights, was physically chased and pursued, and suffered severe head trauma, resulting in his death.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF LISA MCCAUSLIN**
(Pendant Claim)

99. Plaintiff, Lisa McCauslin, repeats and reiterates each and every allegation contained in paragraphs "1" through "98" with the same force and effect as if the same were more fully set forth at length herein.

100.    Plaintiff Lisa McCauslin was the mother of David McCauslin.

101.    Decedent David McCauslin was in excellent health at the time of his death and was actively employed.

102.    That as a result of the wrongful death of David McCauslin, numerous bills for medical and hospital services were incurred, and plaintiff Lisa McCauslin has suffered pecuniary loss by reason of the death of her son, David McCauslin.


## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF LISA MCCAULSIN

(Pendant Claim)

103.    Plaintiff, Lisa McCauslin, repeats and reiterates each and every allegation contained in paragraphs "1" through "102" with the same force and effect as if the same were more fully set forth at length herein.

104.    That by reason of the aforesaid occurrence, the plaintiffs' deceased, David McCauslin, sustained severe injuries and trauma to his head and was caused to suffer grievous conscious pain, agony and mental anguish from the time of the accident until the time of his death.


## DEMAND FOR RELIEF

**WHEREFORE,** plaintiff Jason Krzykowski demands judgment against defendants Town of Coeymans, Village of Ravena, Town of Coeymans Police Department, Village of Ravena Police Department and Eric Muller as follows:

a) As and for his first cause of action, plaintiff Jason Krzykowski demands compensatory judgment jointly and severally against the defendants;

b) As and for his first cause of action, plaintiff Jason Krzykowski demands punitive damages against the individual defendants;

c) As and for his second cause of action, plaintiff Jason Krzykowski demands compensatory judgment jointly and severally against the defendants;

d) As and for his second cause of action, plaintiff Jason Krzykowski demands punitive damages against the individual defendants;

e) As and for her third cause of action, plaintiff Lisa McCauslin demands compensatory judgment jointly and severally against the defendants;

f) As and for her third cause of action, plaintiff Lisa McCauslin demands punitive damages against the individual defendants;

g) As and for her fourth cause of action, plaintiff Lisa McCauslin demands compensatory judgment jointly and severally against the defendants

h) As and for her fourth cause of action, plaintiff Lisa McCauslin demands punitive damages against the individual defendants;

i) As and for her fifth cause of action, plaintiff Lisa McCauslin demands compensatory judgment jointly and severally against the defendants;

j) As and for her fifth cause of action, plaintiff Lisa McCauslin demands punitive damages against the individual defendants;

k) Attorneys' fees and costs for plaintiffs Jason Krzykowski's and Lisa McCauslin's attorneys, pursuant to 42 U.S.C. §§ 1983 and 1988; and,

l)   Such other and further relief as this court deems just, proper and equitable.

Plaintiff hereby demands a jury trial with respect to both liability and damages.

_____

Paul DerOhannesian II
Bar Roll No.:  104792
DerOHANNESIAN & DerOHANNESIAN
Office and P.O. Address
39 North Pearl Street, 1st Floor
Albany, New York 12207-2785
(518) 465-6420

Attorneys for Plaintiffs Jason Krzykowski
and Lisa McCauslin